```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  JULES BUCKLEY,
11              Plaintiff,              No. CIV S-10-2474 DAD P
12       vs.
13  HDSP et al.,
14              Defendants.             ORDER
15                             /
```

16          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42

17  U.S.C. § 1983. In accordance with the court's October 6, 2010 order, plaintiff has filed an

18  application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred

19  to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C.

20  § 636(b)(1).

21          Plaintiff has submitted an in forma pauperis application that makes the showing

22  required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma

23  pauperis.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See

25  28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is

26  currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants High Desert State Prison and Correctional Supervising Cook Ritola. Plaintiff alleges as follows. On October 26, 2009, he was working in the vegetable room when defendant Ritola instructed him to work on a cutting

3

machine. Plaintiff cut his finger and asked defendant Ritola for medical treatment. Defendant Ritola gave plaintiff a band aid and ordered him to continue working. When plaintiff refused, defendant Ritola told him that she was going to issue him a disciplinary write-up for refusing to work. Plaintiff then resumed work and cut off a piece of one of his other fingers. According to plaintiff, he asked to go to medical services, and defendant Ritola agreed to let him go because he was losing so much blood as a result of this latter cut. By the time plaintiff reached medical services, medical personnel had to send him to a correctional treatment center. Plaintiff alleges that once at the treatment center, he did not receive adequate medical care in that medical staff, among other things, did not clean his finger or stitch up the wounded area. (Compl. at 1-2.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

4

1  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
2  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
3  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
4  F.2d 266, 268 (9th Cir. 1982).

5  Insofar as plaintiff wishes to proceed in this action on an Eighth Amendment
6  inadequate medical care claim, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976),
7  the U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual
8  punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate
9  indifference to serious medical needs."  In applying this standard, the Ninth Circuit Court of
10 Appeals has held that before it can be said that a prisoner's civil rights have been abridged, "the
11 indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or
12 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d
13 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

14 In his original complaint, plaintiff names Supervisor Ritola as a defendant.
15 However, it is not clear from plaintiff's allegations whether she is a proper defendant.  Plaintiff
16 alleges that when he cut his finger the first time, Supervisor Ritola provided him with a band aid
17 and that when he cut his finger the second time, Supervisor Ritola allowed him to seek treatment
18 by going to medical services.  In this regard, it does not appear from the allegations of plaintiff's
19 complaint that defendant Ritola refused to provide him with medical treatment or interfered with
20 his medical care.  If plaintiff elects to file an amended complaint naming Supervisor Ritola as a
21 defendant, he must allege facts demonstrating how her actions rose to the level of "deliberate
22 indifference" to his serious medical needs.

23 In addition, plaintiff names High Desert State Prison as a defendant.  Plaintiff is
24 advised that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private
25 parties against a state or state agency unless the state or the agency consents to such suit.  See
26 Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson

v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, High Desert State Prison has not consented to suit.  Accordingly, if plaintiff names High Desert State Prison again as a defendant in his amended complaint, the court will likely dismiss them as a defendant.

Finally, plaintiff alleges in his original complaint that he did not receive proper medical care when he arrived at the correctional treatment center.  If plaintiff believes that medical personnel were "deliberately indifferent" to his serious medical needs, he should consider naming those individuals as defendants in this action.  For example, if a specific doctor or nurse refused to provide him with adequate medical care, plaintiff should consider naming him or her as the defendant or one of the defendants.  Again, however, plaintiff must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is (Doc. No. 14) granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

6

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
3  amended complaint in accordance with this order will result in a recommendation that this action
4  be dismissed without prejudice.

5       5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
6  civil rights action.

7  DATED: March 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
buck2474.14a